IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**VICTOR DONTAVIOUS STALLWORTH,**

    **Plaintiff,**

vs.                                                            **Case No. 4:11cv432-RH/WCS**

**EDWIN BUSS, et al.,**

    **Defendants.**

                                                           /

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, as filed a motion seeking a temporary restraining order or preliminary injunction. Doc. 13. Plaintiff contends that since he filed this lawsuit, "officers and sergeants" at his Correctional Institution have been retaliating against him by tampering with his food, withholding food, and threatening him. Plaintiff alleges that during cell searches, they read his complaint and tore one copy up, wrote false reports to keep him in confinement, and have told Plaintiff they were going to have Plaintiff stabbed "for filing a claim on their buddy Sergeant S. Tyson." Plaintiff states that he fears for his life, and although he and his family have complained, "nothing has been done to stop these officers or Sergeant from" retaliating against Plaintiff. *Id.*, at 2.

Plaintiff also contends the officers and sergeants harass him by telling him that no matter where he goes or where he is transferred in Region 1 or 2, they can find him and "make sure you get your ass whipped there." *Id.*, at 3. Plaintiff seeks a "preliminary and permanent restraining / injunction order immediately on all officers, sergeants at Taylor Correctional Institution and Region 1 & 2." *Id.*

Plaintiff's first amended complaint is against Sergeant S. Tyson, who is employed at Taylor Correctional Institution where Plaintiff is also housed. Plaintiff has alleged claims against Defendant Tyson for threatening him, falsification of documents against Plaintiff, retaliation, and unlawful use of force when he Plaintiff with pepper spray without cause and in retaliation for writing the grievance. Doc. 11. The allegations were deemed sufficient to state a claim against Defendant Tyson, and Plaintiff was directed to submit a service copy of his complaint. Doc. 12. Service has not yet been carried out and Plaintiff has until December 8, 2011, to provide the service copy. *Id.*

While the instant motion does not describe unlawful conduct by Sergeant Tyson, it does describe actions by other persons who allegedly have taken action in retaliation for Plaintiff's lawsuit against Defendant Tyson. That does not, however, show that these persons are "in active concert or participation with" the Defendant. Under Rule 65(d)(2), an injunction would not bind such persons, at least absent further evidence to show participation and involvement with the Defendant. Furthermore, Plaintiff seeks an injunction against *all* officers and sergeants at a correctional institution. That relief cannot be granted as the order would not be binding on *all* officers under Rule 65(d).

Nevertheless, granting or denying a preliminary injunction is a decision within the discretion of the district court. Carillon Importers, Ltd. v. Frank Pesce Intern. Group

Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997), *citing* United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983).  Guiding this discretion is the required finding that plaintiff has established:

> (1) a substantial likelihood of success on the merits;
>
> (2) a substantial threat of irreparable injury if the injunction were not granted;
>
> (3) that the threatened injury to the plaintiffs outweighs the harm an injunction may cause the defendant; and
>
> (4) that granting the injunction would not disserve the public interest.

Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983). A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff.  Jefferson County, 720 F.2d at 1519, *citing* Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974).

      Here, Plaintiff has failed to meet his burden of persuasion as to all four requisite elements because he has not demonstrated that he will suffer a substantial threat of irreparable injury if the injunction is not granted.  "The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies." Sampson v. Murray, 415 U.S. 61, 88, 94 S.Ct. 937, 952, 39 L.Ed.2d 166 (1974).  To establish the irreparable injury requirement, Plaintiff must show that the threat of injury to him is "neither remote nor speculative, but actual and imminent."  Northeastern Fla. Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting Tucker Anthony Realty Corp. v. Schlesinger, 888

F.2d 969, 973 (2d Cir. 1989)); *see also* Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994) (stating that to obtain injunctive relief, a plaintiff must show "a real and immediate-as opposed to a merely conjectural or hypothetical threat of future injury."). Plaintiff has alleged threats against him, and efforts made to write false disciplinary reports against Plaintiff to keep him in confinement, but that is not irreparable harm. Nor is there any demonstration by Plaintiff that future injury to him is actual or imminent as opposed to speculative.

Furthermore, If Plaintiff does face further retaliation by these officers, Plaintiff could sue for monetary damages. The availability of such relief "weighs heavily against a claim of irreparable harm." Sampson, 415 U.S. at 90, 94 S.Ct. at 953. An injury is "irreparable" only if it cannot be undone through monetary remedies. Northeastern Florida Chapter, 896 F.2d at 1285. accord Jefferson County, 720 F.2d at 1520.

I find that Plaintiff has failed to meet all four the prerequisites for injunctive relief. Therefore, the instant motion must be denied.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for a preliminary injunction, doc. 13, be **DENIED without prejudice** and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on November 15, 2011.


 S/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.