IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**VICTOR DONTAVIOUS STALLWORTH,**

    Plaintiff,

vs.                                              Case No. 4:11cv432-RH/CAS

**SERGEANT S. TYSON,**

    Defendant.

_____/

## REPORT AND RECOMMENDATION

On April 27, 2012, Defendant Tyson filed a motion to dismiss the official capacity claim only. Doc. 31. The pro se Plaintiff was provided an opportunity to either file a response to the motion to dismiss, doc. 31, or if Plaintiff conceded that he could not proceed on the official capacity claim against Defendant Tyson, Plaintiff was advised that he could file a notice of voluntary dismissal of that claim by May 30, 2012. Doc. 32. Plaintiff had subsequently been given until July 2, 2012, to file his response in opposition. Doc. 36. On May 31, 2012, Plaintiff filed a motion to strike Defendant Tyson's motion to dismiss. Doc. 37. Review of this document, however, reveals it is not

a motion to strike filed under FED. R. CIV. P. 12, but is Plaintiff's response to the motion to dismiss.

Defendant argues in the motion to dismiss that Plaintiff's official capacity claim must be dismissed pursuant to Eleventh Amendment immunity. Doc. 31, at 4. Plaintiff's response incorrectly argues that qualified immunity is inapplicable. Doc. 37.

The Eleventh Amendment bars suits against the State and its employees in their official capacity for money damages unless waived by the State or Congress. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 97-103 (1984). The State of Florida has not waived its immunity. Congress has also not waived the immunity of the states through §1983. While Congress could abrogate the immunity of the states, it must express itself without equivocation, and it has not done so here. Pennhurst, 465 U.S. at 99. Therefore, Plaintiff cannot sue the Defendant in his official capacity for civil damages and the motion to dismiss, doc. 31, must be granted.

Nevertheless, Plaintiff is advised that this action continues against the Defendant in his individual capacity. The Eleventh Amendment does not bar this § 1983 claim. Plaintiff should be aware, however, that a prisoner may not be awarded monetary damages greater than one dollar ("nominal damages") absent a showing of physical injury. 42 U.S.C. § 1997e(e). Harris v. Garner, 216 F.3d 970 (11th Cir. 2000)[1], *reinstating in part* 190 F.3d 1279 (11th Cir. 1999); Osterback v. Ingram, No. 00-10558, 263 F.3d 169 (11th Cir. 2001) (Table).

---

[1] Harris v. Garner, 190 F.3d 1279 (11th Cir. 1999) was vacated by 197 F.3d 1059, and the Opinion Reinstated in Part on Rehearing by 216 F.3d 970 (11th Cir. 2000), *cert. denied* 121 S. Ct. 2214 (2001). The parts of the panel opinion relevant to this legal issue were reinstated.

Case No. 4:11cv432-RH/CAS

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion to dismiss, doc. 31, be **GRANTED,** that Plaintiff's official capacity claims against the Defendant be **DISMISSED**, and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on June 5, 2012.

S/   Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**