IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

VICTOR DONTAVIOUS STALLWORTH,

    Plaintiff,

v.                               CASE NO. 4:11cv432-RH/CAS

SERGEANT S. TYSON,

    Defendant.

_____/

**ORDER DISMISSING THE CASE
BUT DENYING SANCTIONS**

This case is before the court on the magistrate judge's third report and recommendation, ECF No. 80. No objections have been filed.

The report and recommendation correctly concludes that the defendant's summary-judgment motion should be granted and all the plaintiff's claims should be dismissed with prejudice. This order adopts the report and recommendation to this extent.

The report and recommendation also concludes that sanctions should be imposed under Florida Statutes § 944.279(1). That is a state statute addressing cases filed by prisoners. The statute authorizes a court to investigate whether the

case was brought in good faith. And the statute directs a court that finds that a case was *not* brought in good faith to issue a written finding and send it to the institution where the prisoner is in custody. The statute authorizes the institution to impose discipline.

A federal court's role is to adjudicate a case that comes before it, not to make findings that are unnecessary to adjudicating the case, and not to initiate state administrative disciplinary proceedings. Perhaps Congress could direct a federal court to take actions of this kind; perhaps not. But a state legislature plainly cannot properly do so.

To be sure, a federal court has ample authority to impose appropriate sanctions on a party, including a prisoner, who litigates in bad faith. In assessing the appropriateness of sanctions—and sometimes in addressing the merits—a federal court may consider whether a party proceeded in good faith. A court making a finding on such an issue could choose to provide a certified copy to a correctional facility. But the assertion that § 944.279 *requires* a court to take these actions is not correct.

A federal court may impose sanctions, including an award of attorney's fees, under Federal Rule of Civil Procedure 11 or the court's inherent authority. A fee award might be permissible here. But a fee award would serve little purpose. The plaintiff is paying the filing fee from his prisoner account, and the defendants may

recover their taxable costs. The filing fee and any cost award may serve as a substantial deterrent to a prisoner contemplating the filing of a claim like this one. And the filing fee and any cost award may exceed a prisoner's ability to respond; only rarely will a fee award increase a defendant's actual recovery. A court may consider ability to pay in deciding whether to award fees as a sanction. *See*, *e.g.*, *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1337 (11th Cir. 2002); *Baker v. Alderman*, 158 F.3d 516, 529 (11th Cir. 1998).

The question whether the plaintiff's claims were brought in good faith is not so clear as the defense would have it. And in any event, as a matter of discretion, and considering all the circumstances, I decline to assess attorney's fees or impose other sanctions.

For these reasons,

IT IS ORDERED:

1. The report and recommendation is ACCEPTED and adopted as the court's opinion on the merits.

2. The defendant's summary-judgment motion, ECF No. 47, is GRANTED.

3. The defendant's motion for sanctions, ECF No. 49, is DENIED.

4. The clerk must enter a judgment stating, "All the plaintiff Victor Dontavious Stallworth's claims against all defendants are dismissed with prejudice."

5. The clerk must tax costs against the plaintiff on a timely submission.

6. The clerk must close the file.

SO ORDERED on February 26, 2013.

                                        <u>s/Robert L. Hinkle</u>
                                        United States District Judge